UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JORGE FERNANDEZ, LAZARRO
GUTIERREZ, LUIS CARBALLO, and all others
similarly situated pursuant to
29 U.S.C. 216(b),

    Plaintiff,
vs.

CUSTOM CONTROLS TECHNOLOGY, INC.,
a Florida Corporation, and GARARDO GALLO,
individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, JORGE FERNANDEZ, LAZARRO GUTIERREZ, and LUIS CARBALLO, by and through his undersigned attorney, and hereby sues Defendants, CUSTOM CONTROLS TECHNOLOGY, INC., a Florida Corporation, and GARARDO GALLO, individually, and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1.    This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2.    The Plaintiffs are residents of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. The Defendant business is located in Miami-Dade County and regularly transacted business within Miami-Dade County, Florida, including the work performed by the Plaintiffs while they were employed by the Defendants.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), (c) and (d).

6. CUSTOM CONTROLS TECHNOLOGY, INC'S business activities involves those to which the Fair Labor Standards Act applies. During the relevant time period, Defendant regularly employed two or more employees that sold, marketed and/or handled goods and/or materials which travelled and/or were manufactured through interstate commerce. Specifically, Defendant operate a custom control panel shop here in South Florida as well as in Calhoun GA, Honduras, and Venezuela and have two or more employees, including Plaintiff, that handled materials that traveled through interstate commerce through these locations. Defendant also used electronic and telephonic transmission lines to accept, obtain or solicit funds from sources outside the State of Florida.

7. Upon information and belief, the annual gross income for the Defendant CUSTOM CONTROLS TECHNOLOGY, INC. during the years 2014 and 2015 was in excess of $500,000.00, annually.

8. By reason of the foregoing, CUSTOM CONTROLS TECHNOLOGY, INC. is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

9. The individual Defendant, GERARDO GALLO, is an "employer," as defined in 29 U.S.C. § 203(d), as he is a corporate office that has operational control over the Defendant

corporations and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant GERARDO GALLO controlled the purse strings for the corporate Defendant. Defendant GERARDO GALLO hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

### COUNT I: UNPAID OVERTIME WAGES

10. Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

11. The corporate Defendant operates a company that designs and fabricates industrial control systems. The corporate Defendant operates in Miami-Dade County, Florida and in Georgia.

12. Plaintiffs were employed as assemblers.

13. Plaintiffs were not paid overtime wages at a rate of time and one half, when they worked more than 40 hours per week.

14. The similarly situated individuals are those individuals whom were employed by the Defendants as assemblers and whom were not paid overtime wages, in whole or in part.

15. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

### Plaintiff Fernandez

16. Plaintiff FERNANDEZ was employed by the Defendants as an assembler from approximately October 13, 2014 through on or about January 16, 2015.

17. From on or about October 13, 2014 through on or about November 29, 2014 Plaintiff FERNANDEZ was paid at an hourly rate of $12.00. From November 30, 2014 until the conclusion of his employment with Defendants, Plaintiff was paid $13.00 per hour.

18. Between the approximate dates of October 13, 2014 through approximately December 13, 2014, Plaintiff FERNANDEZ worked approximately 60-67 hours a week. Plaintiff FERNANDEZ was not paid any wages whatsoever for approximately 1 overtime hour each week. With the exception of approximately 1 uncompensated overtime hour worked each week, Plaintiff was paid at his straight time rate for each hours worked. Defendants would pay Plaintiff at his straight time rate for the first 40 hours, and disguise the remaining straight time pay as "bonus" paid on a weekly basis.

### Plaintiff Gutierrez

19. Plaintiff GUTIERREZ was employed by the Defendants as an assembler from approximately October 5, 2014 through on or about January 16, 2015.

20. Plaintiff GUTIERREZ was paid an hourly rate of $13.50 per hour.

21. Between the approximate dates of October 13, 2014 through approximately December 13, 2014, Plaintiff GUTIERREZ worked approximately 60-67 hours a week.

22. Plaintiff GUTIERREZ was paid at his straight time rate for each hours worked. Defendants would pay Plaintiff at his straight time rate for the first 40 hours, and disguise the remaining straight time pay as "bonus" paid on a weekly basis.

### Plaintiff Carballo

23. Plaintiff CARBALLO was employed by the Defendants as an assembler from approximately August 19, 2014 through on or about January 16, 2015.

24. Plaintiff CARBALLO was paid an hourly rate of $14.00 per hour from August 19, 2014 through November 8, 2014, and paid an hourly rate of $15.00 per hour from November 9, 2014 through January 16, 2015.

25. Between the approximate dates of August 19, 2014 through approximately December 13, 2014, CARBALLO worked approximately 60-67 hours a week.

26. Plaintiff CARBALLO was paid at his straight time rate for each hours worked. Defendants would pay Plaintiff at his straight time rate for the first 40 hours, and disguise the remaining straight time pay as "bonus" paid on a weekly basis

### Willfulness

27. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiffs were working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not alter their pay practices to pay overtime wages.

28. To the contrary, Defendants designed a time and payroll system intended to disguise overtime hours being worked by Plaintiffs and others similarly situated, and disguise the payment of straight time wages being paid for hours worked over 40 hours weekly.

29. Defendants maintained two timekeeping systems.

30. The *first timekeeping system* was intended to misrepresent that Plaintiffs and those similarly situated would appear to work only 40 hours per week. Under the first timekeeping system, Plaintiffs would work one hour in the morning, prior to a bell sounding. Upon the bell

sounding, Plaintiffs would record their 'start time'. However, this recorded time would fail to account the one hour that Plaintiffs had worked prior to 'clocking in'. In the afternoon, a second bell would sound, signaling Plaintiffs to 'clock out'. Nonetheless, Plaintiffs would continue working after having 'clocked out'.

31. The *second timekeeping system* maintained by the Plaintiffs and those similarly situated, a handwritten time sheet, reflects the correct amount of hours worked. Thus, the second timekeeping system would include the additional hour worked in the morning (before clocking in under the first timekeeping system), as well as any additional hours worked in the evening (after clocking out under the first timekeeping system).

32. Defendants attempted to disguise the payment of overtime wages by not reflecting more than 40 hours on a paystub. Instead, Defendants would pay the first 40 hours based on an hourly rate, and any additional hours over 40 hours were paid at a straight time rate under a listing of 'bonus' pay.

33. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

        Dated: November 30, 2015

        Law Office of Daniel T. Feld, P.A.
        *Co-Counsel for Plaintiff*
        20801 Biscayne Blvd., Suite 403
        Aventura, Florida 33180
        Tel: (786) 923-5899
        Email: DanielFeld.Esq@gmail.com

        */s Daniel T. Feld*
        Daniel T. Feld, Esq.
        Florida Bar No. 37013

        The Law Office of Isaac Mamane, PA
        *Co-counsel for Plaintiff*
        1150 Kane Concourse, Second Floor
        Bay Harbor Islands, FL 33154
        Telephone (786) 704 - 8898
        E-mail: mamane@gmail.com

        *s/ Isaac Mamane*
        Isaac Mamane, Esq.
        Florida Bar No. 44561