UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-24412-CIV-MARTINEZ/GOODMAN

JORGE FERNANDEZ, LAZARRO
GUTIERREZ, LUIS CARBALLO, and all others
similarly situated pursuant to 29 U.S.C. 216(b),

    Plaintiffs,

vs.

CUSTOM CONTROLS TECHNOLOGY, INC.,
a Florida Corporation, and GARARDO GALLO,
individually,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF PARTIES'
SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiffs, Jorge Fernandez, Lazarro Gutierrez, Luis Carballo, and Defendants Custom Controls Technology, Inc. and Garardo Gallo and, by and through undersigned Counsel, file this Joint Motion for Approval of the Parties' Settlement Agreement, and Dismissal with Prejudice and respectfully state as follows:

1. Plaintiffs and Defendants reached an amicable resolution in this matter at the court ordered settlement conference. As the agreement calls for confidentiality, a copy of said agreement has been emailed to chambers for review and approval along with the proposed order accompanying this motion.

2. Plaintiffs filed a complaint [D.E. 1] under the Fair Labor Standards Act (FLSA) whereby plaintiffs alleged that they were not properly paid their overtime wages.

3. Defendants contend that Plaintiffs' estimates as to the amounts owed are inaccurate and that based upon defendants' records, plaintiffs are owed far less. Furthermore, defendants'

contend that plaintiffs are not entitled to liquidated damages as defendants acted with objective and subjective good faith in paying plaintiffs.

4. Based on said Defenses, defendants contend that plaintiffs are more than being fully compensated for any overtime and liquidated damages that may have been owed to plaintiffs; but agree to resolve this case for the said amounts to minimize accumulation of additional costs and fees defending this matter Likewise, the plaintiffs recognize the risks and additional expenses involved in continuing litigation of this matter, and agree to resolve this case for less than thee claims would have been owed to them for their damages, liquidated damages, fees, and costs, had they prevailed.

5. As payment of the settlement funds are due after Court approval, the parties request that as a condition for dismissal, the Court retain jurisdiction to enforce the terms of the settlement agreement. The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the settlement agreement reached in this case. See *Anago Franchising, Inc. v. Shaz, LLC*, 677 F. 3d 1272, 1280 (11th Cir. 2012).

## Memorandum of Law

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order

to promote the policy of encouraging settlement of litigation.  *Id.; see also Sneed v. Sneed's Shipbuilding, Inc*., 545 F.2d 537, 539 (5th Cir. 1977).

In *Lynn's Food Stores, Inc.,* the employer attempted to circumvent the Department of Labor (DOL) findings as to the amount of back wages and liquidated damages owed to employees. After failing to reach a settlement, the employer attempted to offer employees a total of $1,000 to be divided among them on a pro rata basis. Fourteen employees accepted their pro rata share even though the total amount of damages exceeded $10,000. *Lynn's Food Stores, Inc.* at 1352. In coaxing the employees to accept their pro rata share of $1,000, the employer "representative repeatedly insinuated that the employees were not really entitled to any back wages, much less the amounts calculated by the Department of Labor" and stated ""Honestly, most everyone returned the checks…"" and only the malcontents would accept wages under the FLSA. *Lynn's Food Stores, Inc.* at 1354.

The Eleventh Circuit went on to state that when an employee initiates a private cause of action, there is "some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute." *Lynn's Food Stores, Inc.* at 1354. Therefore, the Eleventh Circuit reasoned, that when a party is represented by counsel it is likely that there is a reasonable compromise and the agreement should be approved.

> Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

In the present case, defendants contest plaintiffs' claims for the reasons outlined above. However, in order to avoid the uncertainties of litigation, defendants made an economic business decision to amicably resolve this matter.

Therefore, based on defendants' contestation, the amount of wages, if any, are in dispute. Therefore, "in order to promote the policy of encouraging settlement of litigation" the parties request that the Court approve the parties' settlement agreement.

It is the parties' contention that in light of the issues in dispute, the amount received by Plaintiffs in this settlement is a fair and reasonable settlement and should be approved by this Court. Had the case gone forward, it is possible that Plaintiffs could have received less, or nothing at all, and therefore is receiving more pursuant to the settlement agreement. Furthermore, pursuant Fed. R. Civ. Proc. 41(a)(1)(ii) the parties have submitted a proposed text of the order approving settlement and dismissal with prejudice and agree each party shall bear its own costs and attorney's fees, except as otherwise stated in the Settlement Agreement.

As payment of the settlement funds will become due after Court approval, the parties request that the Court retain jurisdiction to enforce the terms of the settlement agreement. The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the settlement agreement reached in this case. See *Anago Franchising, Inc. v. Shaz, LLC*, 677 F. 3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement and (2) dismissing this action with prejudice against Defendants, with the Court to maintain jurisdiction to enforce the terms of the settlement agreement.

Respectfully Submitted,

| | |
|---|---|
| Dated: 2/26/16 | Dated: 2/26/16 |
| Daniel T. Feld, P.A. | Minerley Fein PA |
| Attorney for Plaintiffs | Attorney for Defendants |
| 20801 Biscayne Blvd., Suite 403 | 1200 North Federal Highway, Suite 420 |
| Aventura, Florida 33180 | Boca Raton, FL 33432 |
| Tel: (786) 923-5899 | Tel: (561) 362-6699 |
| Email: DanielFeld.Esq@gmail.com | Email: ken@minerleyfein.com |
| By: /s/ *Daniel T. Feld*_____ | By: /s/ *Kenneth L. Minerley*_____ |
| Daniel T. Feld , Esq. | Kenneth L. Minerley, Esq. |
| Florida Bar Number: 0037013 | Florida Bar Number: 521840 |

Mamane Law LLC
*Co-counsel for Plaintiff*
1150 Kane Concourse, Second Floor
Bay Harbor Islands, FL 33154
Telephone (7305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561